UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Plaintiff,                                     Case No. 1:24-cv-1131

v.                                                  Hon. Hala Y. Jarbou

JULIE A. THOMSEN, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 3, 2025, the magistrate judge ordered Defendant Pamela Howe to obtain counsel to represent the Trust's claims. (3/3/2025 Order 2, ECF No. 29.) She did not do so. Instead, she filed objections to that order (ECF No. 32). On March 19, 2025, the magistrate judge issued a Report and Recommendation ("R&R"), recommending dismissal of the Trust's claims under Federal Rule of Civil Procedure 41(b). (R&R, ECF No. 33.) Before the Court are Howe's objections to the magistrate judge's order and to the R&R. (ECF Nos. 32, 34.) For the reasons below, this Court will overrule Defendant's objections, adopt the disposition recommended by the R&R, and dismiss the claim asserted by Howe on behalf of the Trust.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

On October 28, 2024, Prudential Insurance Company of America filed an interpleader action against Defendants Julie A. Thomsen, Pamela R. Howe, individually and as Trustee of the

David H. Ahonen and Ruth C. Ahonen Trust (the "Trust"), and Richard D. Ahonen, regarding the proper beneficiaries of a life insurance policy issued to David H. Ahonen. (Compl., ECF No. 1.)

Howe, who is proceeding pro se, filed an answer to the complaint, individually and as trustee for the Trust. (Answer, ECF No. 6.) A suit involving "the trustee in his or representative capacity" is a suit involving "the trust itself." *Tranick v. Trinitarians of Mary*, No. 1:19-cv-167, 2020 WL 12718830, at *3 (W.D. Mich. Feb. 28, 2020). As the magistrate judge explained, artificial entities like a trust "may appear in federal court only through licensed counsel." (3/5/2025 Order, PageID.264-65.) Howe is not an attorney. Therefore, she cannot represent the Trust in this action. For that reason, the magistrate judge ordered Howe to obtain counsel for her claims on behalf of the Trust. If she did not do so, the Court would dismiss her claim on behalf of the Trust.

Howe did not comply, so the magistrate judge recommended dismissal of the Trust for want of prosecution and failure to comply with the rules and orders of this Court.

In her objections, Howe contends that a trust is not an artificial entity because Federal Treasury Regulation § 301.7701-1(a) defines a trust as a person. But tax regulations do not determine who may appear in court without counsel. Even if the trust is a "person" for tax purposes, such an entity can appear in federal court only through counsel. *See, e.g.*, *Keyway Leasing Tr. v. United States*, No. 1:98-cv-796, 1999 WL 810386, at *1 (W.D. Mich. Aug. 26, 1999) ("The rationale for the rule requiring artificial entities to appear before the federal courts only through licensed counsel extends to trusts." (citing cases)).

Similarly, Howe contends that the Trust is not an artificial entity because it is merely a contract. The Court disagrees. Indeed, if the Trust were not its own entity distinct from Howe, it would not make sense for Howe to claim that the Trust is the "sole primary beneficiary" of the life

2

insurance policy issued by Plaintiff. (*See* Answer, ECF No. 6, PageID.149.) A contract alone cannot be a beneficiary.

Next, Howe argues that the magistrate judge lacked sufficient statutory authority for her March 3, 2025 order and for the R&R. On the contrary, a magistrate judge has the authority to hear dispositive matters, but in those circumstances a magistrate judge submits a recommendation to the district judge that is subject to the district judge's de novo review. *See* 28 U.S.C. § 636(b)(1)(B). Thus, the magistrate judge had statutory authority to issue a report and recommendation for involuntary dismissal. The magistrate judge also had authority to issue the March 3, 2025 order because it was non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A).

Howe offers two case citations that purportedly support her position that she can represent the Trust. *See In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289 (Bankr. N.D. Ohio 2001); *Willow Ltd. v. Commissioner*, 73 T.C.M. (CCH) 2747 (1997). *ICLNDS* provides no support to Howe. There, the court held that a pro se plaintiff could not represent an LLC because an LLC is an artificial entity. *In re ICLNDS Notes Acquisition*, 259 B.R. at 294. This Court cannot find the other case cited by Howe. Her citation leads to a case that does not discuss any relevant issues. Thus, her citations are not persuasive.

Howe further argues that her ability to represent the Trust in federal court is protected by the contracts clauses of the United States and Michigan Constitutions. She also claims that the Due Process Clause of the Constitution protects her interest in representing the Trust. Both constitutional arguments fail. The federal and state contracts clauses apply only when a state law substantially impairs a contractual relationship. *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978); *Att'y Gen. v. Mich. Pub. Serv. Comm'n*, 642 N.W.2d 691, 698 (Mich. 2002) (finding that the contracts clauses of the Michigan Constitution and the U.S. Constitution are

interpreted similarly). Howe cites no law that substantially impairs her contractual relationship with the Trust.

To trigger the Fifth Amendment, Howe must point to a protected property interest, and such an interest requires "a legitimate claim of entitlement." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Howe fails to establish that she has a legitimate claim of entitlement to represent the Trust in federal court without counsel. Even if, as she contends, the Trust documents give her the right to litigate claims for or against the Trust, that does not mean she can represent the Trust's interests in court without an attorney.

Howe claims that because she has a fiduciary relationship with the Trust, she should be allowed to represent the Trust pro se. That fiduciary relationship is irrelevant. The Trust is a separate entity with different interests than Plaintiff. It needs counsel to press its own claims in this case.

Howe claims the magistrate judge usurped her authority by emphasizing procedural formality. The magistrate judge did no such thing. The magistrate judge was well within her authority to recommend involuntary dismissal of Howe's claim on behalf of the Trust.

Howe argues that the magistrate judge's order was ambiguous because it referred to "licensed counsel," and she could find only attorneys who hold Michigan bar membership. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward . . . requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). A layperson like Howe could surely understand that "licensed counsel" is an attorney licensed to practice law. She offers no credible explanation for why she believed the attorneys she discovered would not be qualified to represent the Trust.

Howe posits that obtaining counsel would impose a financial burden on the Trust. That may be so, but that is the nature of legal proceedings. That burden is not grounds for an exception to the rule requiring representation by counsel.

As part of her objections, Howe asks to amend her pleadings "to clarify her dual capacity as both Trustee and sole beneficiary, thereby preserving the Trust's claim to the interpleaded proceeds." (Obj. to R&R, PageID.302.) But that clarification does not fix the problem identified by the magistrate judge. Thus, the Court will deny leave to amend because amendment would be futile. *See, e.g.*, *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In summary, the Court will overrule Howe's objections. The Court will adopt the R&R and dismiss claims asserted on behalf of the Trust.

Accordingly,

**IT IS ORDERED** that Howe's objections (ECF Nos. 32, 34) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 33) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the matter is dismissed as to the David H. Ahonen and Ruth C. Ahonen Trust.

Dated: May 15, 2025                                        /s/ Hala Y. Jarbou
                                                           HALA Y. JARBOU
                                                           CHIEF UNITED STATES DISTRICT JUDGE