UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.

JULIE A. THOMSEN, et al.,

    Defendants.
_____/

Case No. 1:24-cv-1131

Hon. Hala Y. Jarbou

## **ORDER**

The Prudential Insurance Company of America brings this interpleader action under 28 U.S.C. § 1335 to determine Defendants' respective entitlements to life insurance proceeds from a policy that Prudential issued to David H. Ahonen, now deceased. (ECF No. 1.) On August 3, 2025, Defendant Pamela Howe moved for sanctions in the form of a default judgment against Defendants Richard Ahonen and Julie Thomsen for their failure to respond to discovery requests. (ECF No. 57.) As part of the default judgment, Howe sought (1) a declaration that the life insurance proceeds at issue belong to the David H. Ahonen and Ruth C. Ahonen Trust, and (2) disbursement of the funds to Howe as trustee.

On August 5, 2025, Magistrate Judge Sally Berens issued a report and recommendation ("R&R") that the Court grant in part the motion for sanctions. (ECF No. 58.) The magistrate judge recommended that the Court enter default judgment and declare that the life insurance proceeds belong to the Trust. However, she noted that the Berrien County Probate Court, where David Ahonen's estate was admitted to probate, had recently removed Defendant Howe as trustee and appointed Defendant Thomsen in her place. (State Court Order, ECF No. 55-1, PageID.459.)

Accordingly, if the Trust is entitled to the funds, the Court should not disburse them to Howe. Instead, the magistrate judge recommended that the Court transfer the funds to the Berrien County Probate Court so it could determine how to distribute them among the beneficiaries of the Trust.

Defendants Ahonen and Thomsen filed no objections to the R&R, and the time for doing so has expired. (*See* R&R 5.) Howe filed an objection in which she agreed that the funds should be disbursed to the Trust. (Obj. 3, ECF No. 60.)¹ The Court therefore approves the magistrate judge's recommendation and finds that the Trust is entitled to the funds. However, Howe indicates in her objection that the Berrien County Probate Court's proceedings related to David Ahonen's estate have closed. (*Id.*) There are apparently at least four cases in Berrien County Probate Court related to the estate and the Trust—Case Nos. 2024-0809-CZ, 24-0070-DE, 24-0071-DE, and 25-0159-CZ—and Howe only mentions the closure of the first three. (*Id.*) It is unclear whether the fourth case is ongoing or whether it involves the Trust; it would be inappropriate to transfer the funds to the probate court if there is no open case there resolving who is entitled to the Trust's funds. Due to this uncertainty, the Court will not transfer the funds to the state court. Instead, the Court will remand the case to the magistrate judge to determine how and where to disburse the funds to the Trust.

Although Howe also claims that she is the sole beneficiary of the Trust, the Court leaves that issue for the trustee (or the state court, if necessary) to decide. This action concerns the proper beneficiaries of the life insurance policy, not the proper beneficiaries of the Trust.

---

¹ Howe filed another objection that appears to be a duplicate of the first, other than a change in the labeling of exhibits. (*See* ECF No. 62.)

Accordingly,

**IT IS ORDERED** that Defendant Howe's objections to the R&R (ECF Nos. 60, 62) are **SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 58) is **APPROVED** as to the recommendation that the Court find the Trust is entitled to the life insurance proceeds. It is **REJECTED** as to the recommendation that the Court transfer those funds to the state court.

**IT IS FURTHER ORDERED** that Defendant Howe's motion for sanctions (ECF No. 57) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the life insurance proceeds at issue in this case are payable to the David H. Ahonen and Ruth C. Ahonen Trust.

**IT IS FURTHER ORDERED** that Defendant Howe's remaining pending motions (ECF Nos. 45, 56, 63) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the case is **REMANDED** to Magistrate Judge Berens to address disbursement of the funds.

Once the magistrate judge has determined where to disburse the funds, a default judgment will enter consistent with this Order.

Dated: October 9, 2025  /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE